Case 3:12-cv-02261-K-BF Document 18 Filed 08/02/13 Page 1 of 6 PageID 103

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 2 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES ALBERT MAYS, 1722580, )<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>Respondent. ) | No. 3:12-CV-2261-K |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

## II. Background

On May 23, 2011, Petitioner pled guilty to aggravated assault and was sentenced to ten years in prison. *State of Texas v. James Albert Mays*, No. F-1056111-I (Crim. Dist. Ct. No. 2, Dallas County, Tex., May 23, 2011). He did not appeal his conviction.

On May 1, 2012, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Mays*, No. 70,213-02. On June 20, 2012, the Texas Court of Criminal Appeals dismissed the

petition as noncompliant with Texas Rule of Appellate Procedure 73.1.

On July 2, 2012, Petitioner filed the instant § 2254 petition. He argues he is actually innocent and his guilty plea was involuntary.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the

Petitioner was convicted on May 23, 2011. He did not appeal his conviction. His conviction therefore became final thirty days later on June 22, 2011. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 22, 2012, to file his federal § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 24, 2012, Petitioner filed a state habeas petition. This petition, however, did not toll the limitations period because it was dismissed for failure to comply with Texas Rule of Appellate Procedure 73.1 and therefore was not "properly filed." Statutory tolling applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (finding state habeas application is not properly filed and does not toll the limitations period if it is erroneously accepted by state court that lacks jurisdiction); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2)

---

claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was required to file his federal habeas petition by June 22, 2012. He did not file his petition until July 2, 2012. His petition is therefore untimely.

Petitioner, however, argues his petition is timely because he has newly discovered evidence that he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at *11. Petitioner has failed to meet this high standard.

Petitioner states he is actually innocent in this case because he was in jail on the date of the assault. Petitioner's arrest records show he was arrested by the Dallas Police Department on May 20, 2010, with an arrest time of "00:00." (*Ex parte Mays* at 25, 28.) He was released on May 21, 2010, to the Mesquite Police Department. (*Id.* at 32.) Petitioner submits an affidavit from the complainant in which she states that Petitioner assaulted her "about 5 day of 20th." Petitioner claims this statement means the complainant alleged that he assaulted her on May 20, 2010, when he was in jail. The complainant's statement, however, is unclear. Moreover, to the extent she is alleging a date of May 20, she states the incident occurred "about" that date. Petitioner has failed to establish actual innocence to avoid the limitations period in this case.

**B.   Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2 day of August, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).